IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVOR ROM,

                    Plaintiff,                    Case No. 3:06 CV 3055

      -vs-

                                              MEMORANDUM OPINION
T.R. SNIEZEK, Warden                          AND ORDER

                    Defendant.

KATZ, J.

This matter is before the Court on Respondent Warden T.R. Sniezek's motion to dismiss the petition for writ of habeas corpus (Doc. 10) and the Report and Recommendation (R & R) of Magistrate Judge Armstrong recommending that this Court grant the motion and deny the petition (Doc. 13). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of those of the Magistrate's findings to which Petitioner Davor Rom objects.

The Magistrate's R & R adequately states the background and facts of this matter, and the same are hereby adopted. The R & R further relates accurately the standard of review for a motion to dismiss. The Court agrees with the Magistrate's conclusion that Petitioner made a sufficient showing of exhaustion of administrative remedies.

The crux of Petitioner's argument is that he should have been transferred from the Federal Correctional Institute in Elkton, Ohio on April 9, 2007, six months before his scheduled release date of October 9, 2007. Rather, the Bureau of Prisons (BOP) scheduled him for transfer on July 23, 2007. Petitioner contends that he has a liberty interest in being transferred on the earlier date because he was eligible six months before release. However, as the Magistrate explained, the BOP has broad discretion in assignment inmates to facilities under its control.

> A person who has been sentenced to a term of imprisonment pursuant to federal statute shall be committed to the custody of the BOP until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of Section 3624. 18 U.S.C. § 3621 (Thomson/West 2007). State and federal prisoners generally enjoy no constitutional right to placement in a particular penal institution. *Marshek v. Eichenlaub*, 2007 WL 118924, *3 (E.D.Mich. 2007) *recon. denied*, 2007 WL 1101172 (E.D. Mich 2007) (*citing Olim v. Wakinekona*, 103 S. Ct. 1741, 1745 (1983)). Likewise, Section 3624(c) does not obligate the BOP to facilitate the prisoner's transition from the prison system en route to free society. *Id*. (*citing Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004); *See also Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 251 (3rd Cir. 2005); *Levine v. Apker*, 455 F.3d 71, 75 (2nd Cir. 2006); *citing United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir.1991); *see also Fagiolo v. Smith*, 326 F. Supp.2d 589, 592-93 (M.D.Pa. 2004)); and *Brock v. United States Department of Justice*, 2006 WL 374053 (E. D. Ky. 2006). The BOP has discretion to transfer an inmate to community corrections for a period not to exceed six months or ten per centum of one's sentence. *Id*. The obligation is qualified by the phrase "to the extent practicable." *Id*. (*citing Elwood*, 386 F.3d at 847). Thus, Section 3624(c) does not create a protected liberty interest to any pre-release treatment. *Id*. (*citing See Lyle v. Sivley*, 805 F. Supp. 755, 761 (D.Ariz.1992)).

R & R at 6.

Finally, the Court notes that this entire matter appears to be moot. Even if this Court were to have ruled against the discretion delegated to the BOP in transferring Petitioner, Petitioner's latest transfer date was scheduled for July 23, 2007, twelve days after the completion of briefing in this matter before this Court. Even his release date has since passed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

For the reasons stated herein, the Court hereby adopts the R & R of Magistrate Armstrong (Doc. 13), grants Respondent's motion to dismiss (Doc. 10), and denies Petitioner a writ of habeas corpus.

IT IS SO ORDERED.

  s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

2